NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1151

COMMONWEALTH

vs.

WILLIAM MARCELIN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the Boston Municipal Court, the defendant was convicted of violating an abuse prevention order under G. L. c. 209A, § 7 (209A order).  In this consolidated appeal of his conviction and two postconviction orders, the defendant challenges the denial of his motion for a required finding of not guilty, claiming that there was insufficient evidence to establish that he violated a provision of the 209A order requiring him to "stay away" from the victim.  The defendant also argues that the judge erred when he failed to sua sponte instruct the jury about the conditions of the order, and

that there were other violations of his constitutional rights.[1] We agree with the defendant that there was insufficient evidence to sustain a conviction for violating a 209A order and thus reverse.

Factual and procedural history. On July 18, 2022, the complainant requested a restraining order against the defendant, who is her son. That same day, an ex parte hearing was held, and a judge issued a ten-day restraining order. Relevant to this appeal, the defendant was ordered to have no contact with and stay at least fifty yards away from the complainant and to stay away from the complainant's residence. The judge checked off the box on the order requiring that the defendant immediately leave and stay away from the "entire apartment building or other multiple family dwelling in which the [complainant]'s residence is located."

A two-party hearing was held on July 29, 2022. The complainant told the judge that she and the defendant lived in the same house and that the defendant resided on the first floor while she resided on the second floor.[2] The defendant further

---

[1] Because we conclude the evidence was insufficient, we need not address these arguments.

[2] On appeal, the defendant filed a motion to expand the record to include the hearing transcripts from both the ex parte and two-party hearings. The Commonwealth does not object to the expansion of the record, effectively rendering the defendant's

explained that the residence was a two-family home and the units were separate. The defendant also told the judge that, due to the restraining order, he had been unhoused for the past nine days, at times sleeping on benches. After hearing from both sides, the judge extended the restraining order for six months with the following written modifications: "#3 modified [the defendant] may live in 1st floor unit + must stay Away + have no contact [with the plaintiff] -- 5 ft away when living in unit. Outside of unit must be 50 ft Away. [2 family residence]." The judge also amended paragraph 2 (the no contact provision) to read "[Text], phone, etc. -- still in effect[.]" The judge explained to both of the parties that he was modifying "number three, which is to stay away from 617 [the complainant's residence]. The modification will be that [the defendant] lives in a separate unit so he may be in his first floor unit, but remain away from you at least five feet at all times unless there's incidental [contact]." The judge warned the defendant that "if you need to go to the back door to avoid [the complainant] at the front door, I would suggest you do it. In all other places in the public, you have to remain the 50 feet

_____

appeal of the order denying his postconviction motion to expand the record moot.

3

away."[3]  While the judge made clear to the defendant that he was to have no contact with and stay away from the complainant, he told the complainant "[b]ut I'm not going to kick [the defendant] out of a residence separate from yours, but he -- he will be ordered not to speak to you, contact you in any way. And if he sees you, he needs to move away.  That -- I think that's a fair order."

In August of 2022, the complainant's residence was equipped with surveillance cameras.  On April 12, 2023, the defendant was charged with one count of violating the 209A order.  The facts were undisputed.  In December of 2022, the plaintiff reviewed surveillance camera footage which showed that, on November 26, 2022, the defendant walked up the stairs of the two-family home and passed within five feet of the back door of the complainant's residence.  At trial, the complainant testified that she had reviewed the surveillance footage approximately one month after the defendant passed by her home and reported this activity to the police.  The complainant did not testify that

---

[3] The judge also reiterated to the defendant that paragraph two of the restraining order, the no contact provision, meant that the defendant was to have no contact with the complainant, "which means [that] you may not call upstairs, you may not text her, you may not speak to her, you may not ask your father to speak to her on your behalf, you may not ask your sister to speak to her on your behalf."

4

she was in her residence at that time or that the defendant was within five feet of her.

Discussion.  Sufficiency of the evidence.  "In reviewing the sufficiency of the evidence, we consider 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Commonwealth v. Watson, 94 Mass. App. Ct. 244, 247 (2018), quoting Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).  To establish that the defendant violated a restraining order issued pursuant to G. L. c. 209A, § 7, the Commonwealth must establish, by proof beyond a reasonable doubt, that (1) there was a valid restraining order; (2) the defendant knew of the order; and (3) the defendant violated the order.  See Commonwealth v. Silva, 431 Mass. 401, 403 (2000).  The defendant does not challenge the first two elements.  Rather, he argues that the evidence was insufficient to sustain a conviction for a violation of the abuse prevention order because the terms and conditions of the order did not prohibit the defendant's conduct.

We agree with the defendant that the evidence was insufficient to establish that he violated the terms and conditions of the order.  The modification of the order required that the defendant remain five feet away from the complainant

5

when he was inside the residence and fifty feet away from the complainant when in all other public places.  Given the specific language of the modification order, which was underscored by the judge at the two-party hearing, we are not persuaded by the Commonwealth's contention that the order prohibited the defendant from being within five feet of the complainant's residence.  Neither the initial order nor the modified order contained any language requiring the defendant to stay a particular distance away from the complainant's residence.  Further, at the two-party hearing, the judge (both orally and in writing) clearly expressed to the defendant that he was to stay five feet away from the complainant while inside the residence and fifty feet away when outside of the residence.[4]

Conclusion.  The judgment finding a violation of a G. L. c. 209A, § 7 order is reversed, the verdict is set aside, and

---

[4] At oral argument, the Commonwealth conceded that if the court interpreted the 209A order to prohibit the defendant from staying five feet away from the complainant (rather than, as the Commonwealth suggested, five feet from her residence), that there was insufficient evidence to establish a violation.

judgment shall enter for the defendant.  The order denying the defendant's renewed motion to set aside the verdict is reversed.

<u>So ordered</u>.

By the Court (Meade, Walsh & Hodgens, JJ.[5]),

Clerk

Entered:  September 25, 2025.

---

[5] The panelists are listed in order of seniority.